UNITED STATES of America,
Plaintiff–Appellee,

v.

Robert G. LONGEE, Defendant–
Appellant.

No. 00–30239.

D.C. No. CR–99–00073–CCL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 12, 2001.

Decided Feb. 4, 2002.

Before B. FLETCHER, BRUNETTI,
and FISHER, Circuit Judges.

## MEMORANDUM [1]

Longee challenges the constitutionality of 18 U.S.C. § 1153(b), the statute under which he was convicted, on due process and equal protection grounds.

Longee contends that section 1153(b) is facially unconstitutional because it creates confusion as to what penalty should be applied. This argument is squarely foreclosed by our decision in *United States v. Pierre Y.*, No. 00–30411, 2002 WL 187420 (cite forthcoming).

Longee also argues that his conviction for burglary under 18 U.S.C. § 1153 violates equal protection. This contention is without merit. *See United States v. Yazzie*, 693 F.2d 102, 104 (9th Cir.1982) (holding "it was rational for Congress to provide that [burglary] under the Major Crimes Act was to be defined and punished as provided by state law, in order to ensure that Indians and non-Indians who commit identical acts in the same location would be subject to identical punishments."). Longee cannot dispute that all persons subject to federal jurisdiction under 18 U.S.C. § 1153(b) are subject to similar treatment. Nor has he met his burden "to negative any reasonably conceivable state of facts that could provide a rational basis for the classification." *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 121 S.Ct. 955, 964, 148 L.Ed.2d 866 (2001).

AFFIRMED.

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.